# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1734

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Misael Ortiz, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 25, 2005
Filed: June 2, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Misael Ortiz appeals the sentence the district court[1] imposed after a jury found him guilty of conspiring to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; and possessing with intent to distribute, and aiding and abetting the possession with intent to distribute, about 115 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. For the reasons that follow, we affirm.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In a brief under Anders v. California, 386 U.S. 738 (1967), Ortiz's counsel challenges the denial of a minor-role adjustment, because Ortiz's role was merely to provide a temporary storage facility for the marijuana after it arrived by truck from Chicago. Upon careful review, we conclude the district court's finding was not clearly erroneous. See United States v. Bustos-Torres, 396 F.3d 935, 947-48 (8th Cir. 2005) (standard of review; defendant has burden to prove role reduction is warranted), petition for cert. filed, (Apr. 29, 2005) (No. 04-9968); United States v. Belitz, 141 F.3d 815, 818-19 (8th Cir. 1998) (upholding finding that defendant's voluntary and knowing storage of substantial amount of drugs was sufficient to preclude minor-role decrease).

We also grant Ortiz's motion to file an amended counseled brief, and we have considered his subsequent filing under Federal Rule of Appellate Procedure 28(j). The district court imposed Ortiz's sentence prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The sentence included an obstruction-of-justice enhancement based on the court's finding that Ortiz committed perjury at trial, and Ortiz asserted no objection under the Sixth Amendment or otherwise. While we now know it was error to apply the federal Sentencing Guidelines in a mandatory fashion, Ortiz has not demonstrated "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." See United States v. Pirani, No. 03-2871, 2005 WL 1039976, at *4 (8th Cir. Apr. 29, 2005) (en banc) (plain-error review). Ortiz does not contend his trial testimony does not support an obstruction-of-justice adjustment, and Ortiz's 97-month sentence is not illegal under the advisory Guidelines regime mandated by Booker. See United States v. Finck, No. 03-3876, 2005 WL 1109474, at *3, *6 (8th Cir. May 11, 2005).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____

-2-